

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2004

# Ethan Michael Inc v. Twp of Union

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4090

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Ethan Michael Inc v. Twp of Union" (2004). *2004 Decisions.* Paper 394.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/394

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4090

ETHAN MICHAEL, INC.
                    Appellant

v.

UNION TOWNSHIP; UNION TOWNSHIP BOARD SUPERVISORS;
UNION TOWNSHIP ZONING HEARING BOARD; LESLIE A. REBMANN,
INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS A MEMBER
OF THE BOARD OF SUPERVISORS; NELSON L. OTT, INDIVIDUALLY
AND IN HIS CAPACITY AS A MEMBER OF THE UNION TOWNSHIP
BOARD OF SUPERVISORS; JOHN SALANEK, III, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE UNION TOWNSHIP
BOARD OF SUPERVISORS; J. CHRISTOPHER CUESTA, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS A MEMBER OF THE UNION
TOWNSHIP ZONING HEARING BOARD; RICHARD STEVENS, JR.,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A MEMBER
OF THE UNION TOWNSHIP ZONING HEARING BOARD

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 03-cv-03230
District Judge: The Honorable James K. Gardner

Argued: July 13, 2004

Before: RENDELL, BARRY, and FISHER, Circuit Judges

(Opinion Filed: August 17, 2004 )

Michael K. Coran, Esq. (Argued)
Brad P. Bender, Esq.
Klehr, Harrison, Harvey,
 Branzburg & Ellers
260 South Broad Street
Suite 400
Philadelphia, PA  19102

Attorneys for Appellant


Joseph Goldberg, Esq. (Argued)
Wendi D. Barish, Esq.
Margolis & Edelstein
6th & Walnut Streets
The Curtis Center, 4th Floor
Philadelphia, PA   19106

Attorneys for Appellees


Thomas L. Wenger, Esq.
Wix, Wenger & Weidner
508 North 2nd Street
P.O. Box 845
Harrisburg, PA  17108-0845

Attorney for Amicus Curiae PA Assn. of Township Supervisors

---

OPINION

---

BARRY, Circuit Judge

Plaintiff claims that its procedural due process rights were violated by the process used to review its land use application, and argues that the District Court erred in

dismissing that claim as unripe. In reviewing, as we do here, the grant of a motion to dismiss, we accept all allegations of the complaint as true, attribute all reasonable inferences in favor of the plaintiff, and affirm only if it appears that the plaintiff could prove no set of facts that would entitle it to relief. Alston v. Parker, 363 F.3d 229, 233 (3d Cir. 2004) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). We will affirm.

## I. BACKGROUND

Ethan Michael, Inc. ("EMI") owns six contiguous parcels of land, consisting of approximately 668 acres, in Union Township, Berks County, Pennsylvania (the "Township"), on which it seeks to develop a motor sports park and campground, or, in the alternative, either a residential subdivision, comprised of 388 single family homes on one acre lots, or a commercial piggery. A contentious relationship, dating back to June 1995, exists between EMI's president and sole shareholder, Louis J. Mascaro, and the Township regarding this proposed land use. Years of negotiations, litigation, settlement talks, and attempts at mediation have all been to no avail.

The events relevant to the ripeness issue before us began on August 14, 2001, when EMI submitted its Application/Appeal to the Township's Zoning Hearing Board (the "Application"), pursuant to § 401.4 of the Township Zoning Ordinance. In the Application, EMI sought permission for its intended "recreational use" in what was designated an Agricultural Preservation zoning district. The Zoning Hearing Board, comprised of three members – Chairman Paul A. Druzba, Cuthbert Nairn III, and Donald

3

E. Jacobs – began hearings on the Application on November 28, 2001. From that date until the time EMI filed its complaint in the District Court, hearings had been held on eighteen days but the Zoning Hearing Board had still not finished hearing testimony related to the campground, and had not even begun hearing testimony related to the motor sports park. EMI predicts that, at this rate, the hearings will not conclude until 2006 or 2007.[1]

At these hearings, there has been serious and vocal opposition to the motor sports park, particularly from a group formed specifically for this purpose, Union Township United ("United").[2] Among those who attended hearings and publicly opposed the motor sports park is J. Christopher Cuesta, whose brother is a member of United, lives with his mother next door to EMI's property, and was quoted in a local paper as opposing the motor park.

While the Zoning Hearing Board was conducting its hearings on the Application, the Township Board of Supervisors – which appoints the Zoning Hearing Board –

---

[1] EMI blames the delay on the Zoning Hearing Board's violation of Section 10908(5) of the Pennsylvania Municipalities Code ("MPC"), PA. STAT. ANN. tit. 53, § 10908(5), by allowing any non-party to cross-examine any witness, even though that provision restricts the opportunity to cross-examine only to parties. There is no indication, however, that EMI has sought relief for this alleged violation in the Court of Common Pleas for Berks County.

[2] According to EMI, United, among other things, has been vitriolic towards EMI and Mascaro; has referred to Mascaro at hearings as a "predator"; has told its members that Mascaro will use dirty scare tactics to harass and threaten them; and has equated Mascaro's development proposal to the September 11th attacks.

decided to not reappoint Chairman Druzba when his term expired, even though he had served as Chairman for ten years and wanted to retain his position. Instead, on January 6, 2003, in executive session, the Board of Supervisors appointed Cuesta as Druzba's replacement. EMI alleges that this decision was made specifically to weigh the Zoning Hearing Board against its Application, and that the appointment process did not follow standard procedure: the Board of Supervisors did not seek applications from Township residents interested in serving on the Zoning Hearing Board, and did not interview any candidates, presumably other than Cuesta.

On January 9, 2003, Nairn resigned from the Zoning Hearing Board, allegedly in protest of the Board of Supervisors' failure to re-appoint Druzba (although he apparently stated in his resignation letter that he was resigning for health reasons). The Board of Supervisors formally appointed Cuesta for a term of three years on January 20, 2003. It also appointed Nairn's replacement that day, Richard F. Stevens, Jr., utilizing the same questionable selection process.

At the January 22, 2003 hearing, EMI moved before the Zoning Hearing Board that Cuesta be recused. Cuesta refused to recuse himself and the Zoning Hearing Board refused to accommodate EMI's request to present evidence supporting its motion. On February 4, 2003, EMI filed a complaint and a motion for a preliminary injunction in the Court of Common Pleas of Berks County seeking equitable and injunctive relief – namely, Cuesta's recusal. The Court granted EMI's request on March 20, 2003, requiring

Cuesta to recuse himself and, if he refused to do so, enjoining him from participating in any way in the hearings. Cuesta recused.

Now that Cuesta has recused, the Board is left with two members to consider EMI's Application – Stevens and Jacobs. Section 10906 of the MPC, PA. STAT. ANN. tit. 53, § 10906(a)-(b), requires that a quorum of two members must be present for the Zoning Hearing Board to conduct hearings or take any action, and does not provide for the appointment of alternate members unless there is no quorum. Because only two members will decide the fate of EMI's Application, and because a majority is necessary to approve the Application, EMI must now win the unanimous approval of Messrs. Stevens and Jacobs.

On May 21, 2003, EMI filed this § 1983 action in the United States District Court for the Eastern District of Pennsylvania against the Township, the Township Board of Supervisors, the Zoning Hearing Board, and individual members of the Board of Supervisors and the Zoning Hearing Board. The complaint alleged that these defendants deprived EMI of its rights to procedural and substantive due process, in violation of the Fourteenth Amendment and the Pennsylvania Constitution.[3] Specifically, EMI claimed that the Township has unfairly stacked the deck against it, and rendered approval of its Application nearly impossible, because only one member's vote is needed for there to be a rejection of the Application.

---

[3]EMI also asserted a common law abuse of process claim.

On July 7, 2003, the defendants filed a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), arguing, as relevant here, that EMI's claims were not ripe for adjudication. On October 6, 2003, the District Court granted defendants' motion, finding that the procedural and substantive due process claims were not ripe because the Zoning Hearing Board had not reached a final decision on the Application:

> [W]e don't believe that the plaintiff can establish violation of its constitutional rights unless and until the township rules against it. There is nothing in plaintiffs' [sic] Complaint that would establish that further proceedings in the township zoning board forum would prove fruitless. No one can know until the members of the zoning hearing board vote how they are going to vote.

EMI appeals only the dismissal of its procedural due process claim.[4]

## II.  DISCUSSION

The standard we apply to determine what is and is not ripe in land use cases was articulated in Taylor Inv., Ltd. v. Upper Darby Township, 983 F.2d 1285 (3d Cir. 1993) (citing Williamson Planning Comm. v. Hamilton Bank, 473 U.S. 172 (1985), and MacDonald, Sommer & Frates v. Yolo County, 477 U.S. 340 (1986)). We explained that the basic rationale of the ripeness doctrine "'is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" Id. at 1290 (quoting Abbott Lab. v. Gardner, 387 U.S. 136, 148 (1967)). Thus, we continued, constitutional challenges to land-use decisions "are not ripe unless plaintiff has given

---

[4]The District Court had jurisdiction over EMI's federal due process claim under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

local land-planning authorities the opportunity to render a final decision on the nature and extent of the impact of the zoning ordinances on plaintiff's property." Id. This rule, which is referred to as the finality rule, recognizes that "a property owner suffers no mature constitutional injury until the zoning authority defines the application of the zoning ordinance and defines the harm to the owner." Id. at 1291.

We revisited these issues more recently in Lauderbaugh v. Hopewell Township, 319 F.3d 568 (3d Cir. 2003). In Lauderbaugh , the plaintiff purchased a HUD-compliant mobile home and a parcel of land upon which to situate that home, but when the local zoning official saw the home delivered, he immediately revoked the building permit which had issued so that a foundation could be laid. The plaintiff appealed to the zoning hearing board, but her appeal was continued indefinitely, and the Township threatened to sue her and assess costs if she did not remove the home from the parcel.

The District Court held that the claim was ripe and, in a majority opinion, we agreed. We invoked and applied the finality rule, even though there had been no formal resolution of the plaintiff's appeal. We concluded that the zoning hearing board's decision to continue her appeal indefinitely, and the Township's threat of litigation if she did not remove her home, represented the Township's final decision:

> Hopewell cannot treat its zoning decision as final enough to force a significant hardship upon Lauderbaugh by forcing her to pay to move her home but not final enough to be ripe for adjudication .... Hopewell's threat to institute state court litigation to remove Lauderbaugh's home and tax any costs against her is clearly a definitive position that threatens a concrete injury. This case is therefore ripe for adjudication.

8

Id. at 575. Thus, Lauderbaugh teaches that, when applying the finality rule, we should not stand on formality. Instead, and in terms of this case, we are to look beyond whether the Zoning Hearing Board (or other entity or official) has formally rejected the Application, and determine whether the Township has made a final decision – however that decision is manifested.

Even under this seemingly less rigid application of the finality rule, we find that EMI's claim is unripe, although the issue is not free from doubt. EMI has, to be sure, suffered through a lengthy hearings process, still not complete, but the Zoning Hearing Board has not threatened the type of concrete injury faced by the plaintiff in Lauderbaugh, and it is poised to continue hearings to review the Application. Moreover, although we acknowledge EMI's increased difficulty in securing two votes out of two, instead of two out of three, we do not believe, and EMI does not argue, that this fact alone gives rise to a constitutional injury. Finality has not yet come to pass, in either form or substance, and suspicions and even educated guesses as to what will happen based on what has happened are simply not enough. It bears mention, however, that a final decision need not be far away for, at oral argument on this appeal, it was represented to us by counsel for appellees that if EMI requests a decision from the Zoning Hearing Board, it will have one within sixty days and it will then be able to raise the issue of bias in federal court. (Video Transcript at 01:57:30.)

Presumably in recognition of the force of Taylor and Lauderbaugh, EMI would

9

have us carve out an exception to the finality rule for claims that the process <u>itself</u> has caused a concrete injury separate and distinct from any injury it might suffer upon the Zoning Hearing Board's final decision.[5]  We see no justification for such an exception, at least on the facts now before us.  Land use and zoning are "matters of local concern," and we are to avoid serving as a "zoning board of appeals."  <u>United Artists Theatre Circuit, Inc. v. Township of Warrington, PA</u>, 316 F.3d 392, 402 (3d Cir.), <u>reh'g denied</u>, 324 F.3d 123 (2003).  Deviation from these well-established principles – at least without more than we have before us – is simply not warranted merely because a claim is labeled "procedural."[6]

---

[5]The process of which EMI complains includes the Zoning Hearing Board hearings and the manner in which the Board of Supervisors has allegedly attempted to "stack" the Zoning Hearing Board and impact the outcome.  The parties agree, as they must, that EMI has the right to an unbiased and fair tribunal.

> "Before one may be deprived of a protected interest . . . one is entitled as a matter of due process of law to an adjudicator who is not in a situation which would offer a possible temptation to the average man as a judge . . . which might lead him not to hold the balance nice, clear and true . . . . *Even appeal and a trial de novo will not cure a failure to provide a neutral and detached adjudicator.*"

<u>Concrete Pipe & Prods. of Cal. v. Constr. Laborers Pension Trust for Southern Cal.</u>, 508 U.S. 602, 617-18 (1993) (internal quotations and citations omitted) (emphasis added).

[6]We do not foreclose the possibility that a plaintiff could bring a ripe claim challenging the process alone, as was done in <u>Carpinteria Valley Farms, Ltd. v. County of Santa Barbara</u>, 344 F.3d 822 (9th Cir. 2003).  In that case, the Ninth Circuit found that the plaintiff alleged discrete constitutional violations ripe for adjudication above and beyond any final land use decision:
> Although the County has granted [the plaintiff's] eleven development permits, his challenge is to the procedure he had to endure to get those

10

## III. CONCLUSION

Because EMI's claims are not yet ripe for review, we will affirm the October 6,

2003 order of the District Court dismissing EMI's complaint.

---

permits. Even if the County relented today and issued all of the permits [the plaintiff] has applied for, he still would have been injured by the treatment he allegedly received and which caused him harm (e.g., retaliation for exercising his First Amendment rights and restricting him from playing polo on his property for nine years while waiting for a major conditional use permit).

Id. at 830. These "egregious facts" amounted to "'actual, concrete injuries which are separate from any taking [the plaintiff] may have suffered. These injuries thus have already occurred and do not depend on the finality of the County's determination of the permissible uses of his property.'" Id. at 831 (quoting Harris v. County of Riverside, 904 F.2d 497, 501 (9th Cir. 1990)).